UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN EDWIN POOLE,<br>Plaintiff,<br>v.<br>CITY OF SACRAMENTO, et al,<br>Defendants. | No. 2:26-cv-1943 DJC AC PS<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

This case was removed from Sacramento County Superior Court on May 27, 2026. Plaintiff is proceeding pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). ECF No. 1. Plaintiff filed a First Amended Complaint on June 24, 2026, against defendants the City of Sacramento, Officer Eben Smart, Sacramento County, Sacramento County Sherrif's Department, and Deputy Sherrif Malyuk. ECF No. 8 at 1. The City and Officer Smart ("City Defendants") have answered. ECF No. 9. Defendants Sacramento County, Sacramento County Sherrif's Department, and Deputy Sheriff Malyuk ("County Defendants") move to dismiss. ECF No. 10. Plaintiff opposes the motion. ECF No. 11. The County Defendants replied. ECF No. 12. The matter was before the court for oral argument on September 9, 2026. For the reasons set forth below, the undersigned recommends that the County Defendants' motion be GRANTED, but that plaintiff be given the option to file a Second Amended Complaint.

## I. Background

A. The Complaint

The operative First Amended Complaint ("FAC"), which is 125 pages long, alleges as follows. ECF No. 8. Plaintiff was arrested on April 6, 2024, by CHP for violating Penal Code section 148(a)(1) (resisting or obstructing an officer), which resulted in criminal charges in Sacramento County Superior Court, Case No. 24MI011664. ECF No. 8 at ¶¶ 59, 86-87, 91. This case generated a bench warrant for failure to appear. Id. at ¶ 94, FAC. Plaintiff was arrested by the Sacramento Police Department on April 20, 2024, also for violating Penal Code section 148(a)(1), which resulted in criminal charges in Sacramento County Superior Court, Case No. 24MI011948. Id. at ¶¶ 59, 100, 105-106. This case also generated a bench warrant for failure to appear. Id. at ¶ 108. Plaintiff was arrested for a third time on February 13, 2025, by the Sacramento Police Department, for violating Penal Code section 148(a)(1); this arrest resulted in criminal charges in Sacramento County Superior Court, Case No. 25MI007683. Id. at ¶¶ 59, 132,155-156, 195. During this encounter, plaintiff told officers that he had a prior shoulder surgery and asked them not to pull on his arm. Id. at ¶ 168. The officers initially pulled on his arm and aggravated his injury, but later used or offered to use double handcuffing. Id. at ¶¶ 169-170.

During the February 2025 booking process, Deputy Sherrif Malyuk referred to plaintiff as a "sovereign citizen," though plaintiff denies ever identifying himself as a sovereign citizen. Id. at ¶178. Malyuk treated the designation as relevant to his booking status, and took a long time to book plaintiff, prolonging his time in restraint to a total of more than four hours. Id. at ¶¶ 180, 182. Plaintiff alleges that he was "not meaningfully advised during the February 13, 2025 encounter that he was being arrested on warrants, was not told which warrants had been confirmed, and was not given a meaningful opportunity to address or resolve the warrant issue before officers created a new Penal Code section 148(a)(l) arrest." Id. at ¶ 61. Plaintiff alleges this arrest "did not clear or resolve the earlier warrant chain…" Id. at ¶¶ 63, 210. A bench warrant was generated in relation to this case as well. Id. at ¶ 259.

On September 20, 2025, CHP conducted a traffic stop and then arrested plaintiff on the

outstanding bench warrants. Id. at ¶¶ 64, 203, 207, 260. Plaintiff describes this arrest as based on warrants generated by "County-processed misdemeanor cases[,]" id. at ¶ 64, and appears to allege that the County's record keeping was the cause of CHP's actions. Id. at ¶¶ 228-247. Plaintiff acknowledges the County was not the entity which obtained the warrants. Id. at ¶ 252. Instead, he "alleges that Sacramento County and County-controlled entities knew or should have known that repeated Penal Code section 148(a)(l) prosecutions arising from vehicle, VIN, plate, warrant, and rights invocation encounters presented a risk of selective enforcement, retaliatory enforcement, and records-based escalation." Id. at ¶ 306.

Based on these facts, plaintiff asserts sixteen claims for relief, six of which are brought against the County defendants: (1) Count IV, Fourteenth Amendment Equal Protection; (2) Count V, Rehabilitation Act and the Americans With Disabilities Act; (3) Count VI, Monell Liability; (4) Count VIII, Violation 42 U.S.C. Section 1981; (5) Count IX, Bane Act Violation; and (6) Count XV, Violation of 42 U.S.C. § 1983 against Deputy Sherrif Malyuk. Plaintiff seeks both monetary damages and injunctive and declaratory relief.

B. Motion to Dismiss

The County Defendants move to dismiss all claims against them for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. Defendants filed a Request for Judicial Notice, asking the court to take notice of the dockets in three county criminal cases: (1) People v Poole, Sacramento County Superior Court Case No. 24MI011664 docket; (2) People v Poole, Sacramento County Superior Court Case No. 24MI011948 docket; and (3) People v Poole, Sacramento County Superior Court Case No. 25MI007683 docket. ECF No. 10-2 at 1. These documents reflect judicial proceedings with a direct relation to the matters at issue in this case, and are accordingly appropriate for judicial notice. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Further, the facts contained within these documents are proper for judicial notice pursuant to FRE 201(b)(2) because they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

Accordingly, the undersigned has considered these documents in relation to the motion to dismiss.

## II. Analysis

A. Legal Standards Governing Motions to Dismiss

The County Defendants contend that plaintiff's First Amended Complaint fails under both Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6). To comply with Rule 8, a complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). It is well settled that an effective pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer. Grid Systems v. Texas Instruments. Inc., 771 F.Supp. 1033, 1037 (9th Cir. 1991). Pleadings filed by pro se litigants are held to "less stringent standards than formal pleadings by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (internal citations omitted). Nonetheless, to avoid dismissal under Rule 8, pro se pleadings "must [still] meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990) In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally

cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001). t

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

////

////

B. The First Amended Complaint Does Not Comply with Rule 8

The County Defendants contend that the operative First Amended Complaint does not comply with Fed. R. Civ. P. 8 because, while the crux of the complaint is that plaintiff was wrongfully arrested on four occasions by law enforcement agencies other than the County, plaintiff makes no clear factual allegations regarding County involvement. Rather, plaintiff makes vague, generalized assertions that the County is liable for maintaining records of plaintiff's warrants as part of some "pattern," apparently because he disputes the underlying charges of violations of California Penal Code section 148. ECF No. 10-1 at 8. The County defendants point out that plaintiff's only concrete allegation against them is that he remained in handcuffs for four hours during booking on one arrest, despite notifying the booking officer that he had a shoulder injury. Id.

The Court agrees that the First Amended Complaint does not comply with Federal Rule of Civil Procedure 8. The complaint is 125 pages long, includes 486 paragraphs of allegations and demands, and includes sixteen claims for legal relief. This is not a "short and plain statement" as required by Rule 8. Furthermore, the claims are vague and conclusory, particularly as to the County Defendants. The claims rest mostly on a generalized theory that the County's recordkeeping violates the law and/or gave rise to unconstitutional arrests by those who relied on it. These vague and conclusory allegations are insufficient and do not comply with Rule 8.

Although the motion to dismiss must be granted on Rule 8 grounds, in the interest of judicial economy and to facilitate amendment, the undersigned also addresses the County's substantive challenges to the putative claims against it under Rule 12(b)(6) standards.

C. 42 U.S.C. § 1983 Claim(s) Against Deputy Sherrif Malyuk

Plaintiff alleges that Deputy Malyuk treated "Plaintiff's assertion of constitutional rights, refusal to consent, refusal to assist investigation, rights-preserving notations, or duress statements as noncooperation, misconduct, or threat behavior rather than protected conduct." ECF No. 8 at ¶ 449. Plaintiff also alleges he remained in handcuffs for four hours during the booking process but was released. Id. at ¶¶ 180-182. Plaintiff does not allege that Deputy Malyuk placed him into cuffs in an unreasonable way, manipulated the cuffs (such as by tightening them), used any force

against him while handcuffed, or unreasonably ignored requests to loosen the cuffs. Instead, plaintiff contends that Malyuk acted unreasonably by keeping plaintiff in handcuffs for four hours during booking, used or repeated the "sovereign citizen" designation, and conducted a prolonged rebooking which extended plaintiff's handcuffing time even though he knew plaintiff had a shoulder injury. ECF No. 11 at 10. Plaintiff clarified in his opposition to the motion to dismiss that he alleges Malyuk's conduct violated his Fourth and Fourteenth Amendment rights. ECF No. 11 at 11. His factual allegations, however, are not adequate to support such a claim.

The Civil Rights Act, codified at 42 U.S.C. § 1983, provides in relevant part:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

The Fourth Amendment protects pretrial detainees from seizures of the person and uses of force which are objectively unreasonable in light of all the facts and circumstances. See Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). "It is well established that overly tight handcuffing can constitute excessive force." Wall v. County of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004) (citations omitted). The Fourth Amendment may be violated when handcuffs cause demonstrable injury or unnecessary pain, or when officer refuse to loosen handcuffs once alerted that they are excessively painful. See Stevenson v. Jones, 254 F. Supp. 3d 1080, 1091-92 (N.D. Cal. 2017) (collecting cases). In order to state a claim under these standards, plaintiff must succinctly allege specific facts which demonstrate that the prolonged use of handcuffs was unreasonable in the booking context, including facts showing that plaintiff was injured by the

prolonged use of handcuffs or experienced unnecessary pain, or that Deputy Malyuk unreasonably ignored complaints of pain. Neither the length of the booking process itself, nor verbal disrespect during booking, violates the Fourth Amendment even if it can be considered unreasonable.

Plaintiff emphasizes that Deputy Malyuk interpreted plaintiff's "protected conduct," including the assertion of constitutional rights, as threatening behavior; he implies that he was mistreated as a result. See ECF No. 8 at ¶ 449. To the extent (if any) that plaintiff means to allege he was retaliated against in violation of his First Amendment rights, he is informed as follows. To state a First Amendment retaliation claim, plaintiff must allege specific facts showing that (1) Deputy Malyuk took adverse action against him, (2) because of (3) plaintiff's protected conduct, and that such action (4) chilled plaintiff's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conclusory allegations of retaliatory motivation are insufficient. Plaintiff must set forth facts which show that the defendant was motivated by retaliatory intent.

D. Fourteenth Amendment Equal Protection Claim

Plaintiff alleges that he is African American and Native American, that the County defendants treated him differently based on race, and that similarly situated non-Black persons and non-tribal persons are not ordinarily subjected to the same repeated prosecution, warrant, custody, and supervision consequences. ECF No. 8 at ¶¶ 360-62; ECF No. 11 at 16. Defendants argue that plaintiff's equal protection clause claims fail under selective enforcement theory and class of one theory, but defendants do not address plaintiff's straightforward race discrimination claims. ECF No. 10-1 at 12-14. Plaintiff asserts that he is alleging straight-forward race discrimination in violation of the equal protection clause. ECF No. 11 at 16. Defendant argues that all of the allegations regarding race-based enforcement are not directed at any County actions.

Plaintiff's equal protection claims, under any legal theory, cannot withstand the County defendants' motion because plaintiff does not identify any specific actions taken by the County

defendants that implicate equal protection. Plaintiff appears to acknowledge this, stating that he "recognizes that the claim must ultimately identify County conduct, a sufficiently similar comparator or other facts supporting discriminatory effect, and purposeful differential treatment." ECF No. 11 at 17. Because the facts alleged in plaintiff's complaint do not identify specific County conduct that could have violated the equal protection clause, the court agrees with defendants that this claim should be dismissed. The undersigned accordingly recommends that defendants' motion be granted as to plaintiff's equal protection claim.

On amendment, in order to state an equal protection claim against any defendant(s), plaintiff must identify the specific conduct alleged to have been racially motivated. Moreover, to state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status. Id.

E. Rehabilitation Act and Americans with Disabilities Act

Plaintiff alleges the County and/or the Sheriff's Department violated the Rehabilitation Act (29 U.S.C. § 701, et seq) ("RA") and/or the Americans with Disabilities Act (42 U.S.C. § 12101, et seq) ("ADA") due to the alleged lack of care in the jail by the individual defendants. ECF No. 8 at ¶¶368-380. To state a claim under Title II of the ADA, the plaintiff must prove that: (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted).

A plaintiff bringing suit under Section 504 or Title II of the ADA for accommodation

must first show that: (1) he is a qualified individual with a disability; (2) he was denied a reasonable accommodation that he needs in order to enjoy meaningful access to the benefits of public services; and (3) the program in question receives federal financial assistance. Mark H. v. Hamamoto, 620 F.3d 1090, 1097 (9th Cir. 2010). "Reasonableness 'depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to [enjoy meaningful access to the program.]'" Id. (quoting Vinson v. Thomas, 288 F.3d 1145, 1154 (9th Cir. 2002)). "While the regulations promulgated under Title II provide a framework for analyzing ADA claims generally, [the Ninth Circuit has] held that inmates' rights must be analyzed in light of effective prison administration." Pierce v. County of Orange, 526 F.3d 1190, 1216 (9th Cir. 2008) (internal citations omitted). "There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

Plaintiff alleges that he suffers from disabilities including Post-Traumatic Stress Disorder and a shoulder injury. ECF No. 8 at ¶ 370. Plaintiff alleges defendants "failed to provide reasonable accommodations during booking, custody, medical screening, release processing, pretrial supervision, and related criminal justices services[.]" Id. at ¶ 373. Plaintiff does not identify any specific accommodation that was necessary for him to fully participate in the booking process, nor does he identify activity he was excluded from, or any discriminatory conduct by the County. Plaintiff's allegations amount to the assertion that plaintiff was entitled to some higher level of care due to his disabilities, but that is not what the ADA or Rehabilitation ct provide for. The ADA prohibits *discrimination* because of disability, not inadequate treatment for disability. See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of disabled prisoners .... The ADA does not create a remedy for medical malpractice.").

Plaintiff also asserts a claim under Title V of the ADA, which "prohibits retaliation or coercion against individuals who oppose unlawful acts under the ADA." Strojnik v. State Bar of

Arizona, 446 F. Supp. 3d 566, 574 (D. Ariz.), aff'd, 829 F. App'x 776 (9th Cir. 2020). Plaintiff argues this claim is supported by his allegation that he objected to discriminatory treatment and yet Malyuk continued with a painful restraint. ECF No. 11 at 15. These allegations are conclusory and insufficient to show that plaintiff experienced retaliation for opposing unlawful practices under the ADA. The court agrees with the County Defendants that plaintiff has not stated an ADA or Rehabilitation Act claim and that the motion to dismiss should be granted.

F. Claim Under 42 U.S.C. §1981

42 U.S.C. § 1981(a) confers upon all persons the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings" free from racial discrimination. To state a § 1981 claim "outside of the employment context, a plaintiff must show that: (1) [he] belongs to a protected class; (2) the defendants intended to discriminate against [him] on the basis of her race; (3) [he] was engaged in an activity protected under the statute; and (4) the defendants interfered with that activity." Millia Promotional Servs. v. Arizona Dep't of Econ. Sec., 650 F. Supp. 3d 814, 826 (D. Ariz. 2023), aff'd sub nom. Millia Promotional Servs. v. Arizona through Arizona Dep't of Econ. Sec., Div. of Emp. & Rehab. Servs., No. 23-15180, 2024 WL 1596460 (9th Cir. Apr. 12, 2024).

Here the operative complaint asserts that the County violated plaintiff's rights under §1981 by "denying him the full benefit of the laws and proceedings by treating his rights assertions, trust-property activities, vehicle use, warrant records, booking, prosecution records, and supervision differently because he is a Black man operating high value vehicles and asserting rights in a manner County actors associated with 'sovereign citizen' or similar labels." ECF No. 8 at ¶ 406. Plaintiff's vague allegations cannot withstand a motion to dismiss; it is insufficient to assert he is generally being discriminated against for asserting his rights. The motion to dismiss should be granted as to this claim.

G. Monell Claim

Local governments "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978). Though "municipalities and other local government units ... [are] among those persons to whom §

1983 applies," Monell, 436 U.S. at 690, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)). To state a cognizable claim under Monell, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiffs constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision- or policymaking authority. Monell, 436 U.S. at 694. There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

Here, plaintiff asserts that the County is liable under Monell with respect to five distinct County-controlled functional areas that injured plaintiff: booking and restraint, classification and labeling, warrant and records administration, disability accommodation, and pretrial supervision. ECF No. 8 at ¶ 384. Plaintiff also asserts that the County failed to train and supervise its employees. Id. at ¶¶ 391-392. Plaintiff's allegations with respect to the County's unconstitutional policies are unsupported and vague, such that they cannot withstand a motion to dismiss. It is not enough for plaintiff to allege that the county generally has unconstitutional policies and practices, he must identify specific policies and practices and identify *how* those policies and practices violate the constitution. The operative complaint simply does not contain the information necessary for the County to discern what the specific allegations are with respect to a Monell claim. Accordingly, the claim should be dismissed.

H. Bane Act Claim

California's Bane Act "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" Reese v. County of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (quoting Venegas v. County of Los Angeles, 153 Cal. App. 4th 1230 (2007)). A Bane Act claim

must rest on factual allegations that would allow an inference the defendant had a specific intent to violate the plaintiff's rights. See id. Specific intent may be shown by demonstrating that the defendant "acted ... 'in reckless disregard of constitutional or statutory prohibitions or guarantees.'" Cornell v. City & County of San Francisco, 17 Cal. App. 5th 766, 803–04, 225 Cal.Rptr.3d 356 (2017), as modified (Nov. 17, 2017) (citation omitted); Reese, 888 F.3d at 1045 ("[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights."). Plaintiff's allegations do not allege or support an inference of specific intent. ECF No. 8 at ¶¶411-417. Nor does the complaint allege the use of threats, intimidation or coercion. Accordingly, this claim must be dismissed.

## III. Leave to Amend

Though the undersigned recommends that all claims against all County defendants be dismissed, it is also recommended that plaintiff be given leave to file an optional Second Amended Complaint which complies with Fed. R. Civ. P. 8 and attempts to cure the pleading deficiencies identified above as to plaintiff's various causes of action. More specifically, it is recommended that plaintiff be given the options of either (1) filing a Second Amended Complaint, or (2) proceeding only against the City Defendants, who have filed an answer.

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. **The Second Amended Complaint should be no longer than thirty (30) pages long.**

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor

give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. Severance of Defendants

The County Defendants ask that if plaintiff is granted leave to amend, that the claims against them be severed from the claims against the City Defendants. Fed. R. Civ. P. 20(a)(2) states: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Federal Rule of Civil Procedure 21, to resolve concerns about misjoinder of parties, states that a court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21; Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). District courts are vested with broad discretion

in deciding whether to grant severance. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000).

Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917),

The undersigned does not recommend that the County Defendants be severed from this action at this time. The First Amended Complaint indicates a possibility that the allegations against City Defendants and the County Defendants are sufficiently intertwined to be properly joined under Rule 20. Though the First Amended Complaint is impermissibly vague, plaintiff appears to allege that the County's unconstitutional recordkeeping is connected to the City's unconstitutional pattern of arrests. Additionally, plaintiff's claims regarding the County booking process will likely involve discovery that overlaps with discovery related to the City Officers' conduct in handing plaintiff off for booking. The undersigned concludes that severance of the claims against the County Defendants is not appropriate at this time.

## IV. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your claims against the County Defendants be dismissed because they are not clear and they do not state a legal claim for relief. The Magistrate Judge is also recommending that you be given a choice, to either (1) file a Second Amended Complaint against all the defendants, including the County Defendants, or (2) move forward on your existing First Amended Complaint against the City Defendants. Note that if you choose to

file a Second Amended Complaint, the City will have another opportunity to answer or to file a motion to dismiss. If you object to this recommendation you may file objections within 21 days. The District Judge will make the final decision. Do **not** file a Second Amended Complaint until you have received a final order from the District Judge.

**V. Conclusion**

Accordingly, the undersigned recommends that the motion to dismiss (ECF No. 10) be GRANTED and that plaintiff be given 14 days to file a notice with the court stating that his intent to either (1) file a Second Amended Complaint, or (2) proceed on the First Amended Complaint against the City of Sacramento and Officer Eban Smart only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 29, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE